CAYEY SUGAR COMPANY, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un contrato de refacción agrícola y siembra de cañas.

No. 360.—Resuelto en junio 6, 1918.

REFACCIÓN AGRÍCOLA—MOLIENDA DE CAÑAS—CONTRATO—BIENES GANANCIALES—CONSENTIMIENTO DE LA ESPOSA.—En un contrato de refacción agrícola y molienda de cañas, en el que no se discute la calidad de bien ganancial de la finca objeto del mismo, es necesario de acuerdo con la ley el consentimiento de la esposa.

DEFECTOS SUBSANABLES—EQUIVALENCIA DE CABIDAS—SISTEMA MÉTRICO DECI-
MAL.—Aún cuando del documento que se presente en el registro aparezca
que la medida superficial de una finca es de 32 cuerdas de terreno, cons-
tituye defecto subsanable el dejarse de consignar la equivalencia de dicha
cabida según el sistema métrico decimal.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. F. Rodríguez Ortiz.*

El registrador interino recurrido, Sr. Pedro Gómez La-
serre, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

El 17 de febrero de 1918, Luis J. Ortiz y Utset, casado con
doña Dolores Meléndez y Muñoz, y la corporación Cayey Su-
gar Company representada por el vice-presidente de su di-
rectiva don Mateo Rucabado y Argumosa, otorgaron ante
el notario V. F. Rodríguez Ortiz un contrato de refacción
agrícola consintiendo ambas partes en que fuera inscrito en
el registro de la propiedad a los efectos procedentes y que
tuviera el crédito la preferencia de ley.

Presentado el documento en el Registro de la Propiedad
de Guayama, el registrador denegó su inscripción por nota
de 25 de abril de 1918 que dice así:

"Denegada la anotación del documento que precede y extendida
en su lugar anotación preventiva durante el término legal a favor
de la Cayey Sugar Company al folio 78 vuelto del tomo 2°. C. A. de
Cayey, finca No. 78 duplicado, anotación letra C. por las razones
siguientes: 1ª. Porque tratándose de un bien inmueble de la socie-
dad conyugal que es el afectado por el contrato de refacción agrícola
y molienda de cañas, para que éste sea válido necesita el consenti-
miento expreso de la mujer, a tenor de lo dispuesto en el artículo 159
del Código Civil, y de lo establecido por la jurisprudencia del Tri-
bunal Supremo de Puerto Rico. 2ª. Porque para la constitución de
una servidumbre o de un gravamen de naturaleza real, la Ley Hipo-
tecaria exige que el título esté consignado en escritura pública, y
es evidente que un *affidavit* no puede equipararse a una escritura
pública. 22 D. P. R. 126. Se hacen constar además los defectos
subsanables de no expresarse la medida superficial de la finca, y de
no acreditarse legalmente el carácter que ostenta el Sr. Rucabado

y Argumosa para contratar a nombre de la corporación Cayey Sugar Company.''

La finca de cuya refacción se trata es un predio de 32 cuerdas de terreno sito en el barrio Vegas de la jurisdicción de Cayey y en la escritura se expresan sus colindancias siendo dueño de la misma Luis J. Ortiz y Utset, casado con Dolores Meléndez y Muñoz, la cual no interviene en el documento.

Entre otras condiciones que se estipulan en el contrato el colono Ortiz Utset se compromete a sembrar, cultivar y mantener sembradas en buenas condiciones por lo menos 25 cuerdas de cañas dulces en la finca expresada durante las zafras de los años de 1919 al 1922, ambas inclusive, mientras que la factoría concede un préstamo o avance agrícola al colono para la siembra, refacción y recolección de las cañas en la proporción de $40 por cada cuerda plantada de gran cultura y $20 por cada cuerda de retoño de la segunda cosecha en adelante, con el interés del 12 por ciento anual. Las cañas habían de quedar afectadas preferentemente como garantía del préstamo en la totalidad de su producción o hasta donde sea preciso para el completo pago de la deuda.

La corporación recurrente alega que el contrato de que se trata es de naturaleza personal o de carácter puramente administrativo y por tanto no se necesita el concurso de la esposa para su celebración. Alega además que en el documento se expresa la medida superficial de la finca.

La cuestión legal levantada en la primera alegación ha sido ya resuelta por esta Corte Suprema al decidir el caso de *Fajardo Sugar Company* v. *El Registrador,* 25 D. P. R. 189. El consentimiento de la esposa, en un caso como el presente en que no se discute la calidad de bien ganancial de la finca de que se trata, es necesario de acuerdo con la ley.

En cuanto al defecto subsanable de no expresarse la medida superficial de la finca, ciertamente que en el documento se dice que dicha finca es un predio de 32 cuerdas de terreno, pero no se consigna la equivalencia de esa cabida según el sistema métrico decimal.

Como la parte recurrente en su alegato no impugna los demás fundamentos de la nota recurrida, nos abstenemos de darles consideración. El registrador manifiesta en ·su alegato que de no haber existido en el contrato el primer defecto apuntado lo hubiera anotado en la parte atinente a la refacción agrícola.

Por las razones expuestas es de confirmarse la nota del Registrador de la Propiedad de Guayama.

*Confirmada la .nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y. Hutchison.